PEAKE *et al.*, Appellants, v. JAMISON, Trustee.

1. **Trustee**: JUDGMENT: RES JUDICATA. A judgment of a court of competent jurisdiction, settling the accounts of a trustee and discharging him from the trust, becomes *res judicata*, and is not subject to collateral attack.

2. **Trustee, Liability of.** A trustee is not chargeable with delinquency in failing to institute suit against a prior trustee for loss to the estate, resulting from the non-payment of taxes by the latter, when both he and his surety were insolvent at the time the defendant first learned of the neglect to pay the taxes.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Henry H. Denison* for appellants.

(1) Appellants are beneficiaries under the will of their grandfather and take by purchase and not by inheritance, and consequently they are the proper parties to bring this action and can maintain the same. *Upwell v. Halsey*, 1 P. Williams 651; *Wright v. Miller*, 8 N. Y. 9; *Smith v. Bell*, 6 Pet. 68; *Peake v. Johnson*, 6 Mo. App. 589. (2) The respondent, the present trustee, has been derelict in his duty, in that he has not brought suits upon the bonds of his predecessors in the trust to recover certain sums of money lost to the estate by their gross mismanagement in allowing large sums in taxes, interest and penalties, and costs to accumulate against the estate for several years before paying the same. *Burr v. McEwen*, Bald. C. C. 154; *Caffey v. Darby*, 6 Ves. Jr. 488; *Powell v. Evans*, 5 Ves. 839; *Cocker v. Quayle*, 1 R. & M. 535; 2 Perry on Trusts, § 847. The respondent has not well pleaded the several settlements alleged to have been made with the court. A party cannot traverse and at the same time confess and avoid the same allegations. *Cable v. McDonald*, 33 Mo. 368; *Adams v. Trigg*, 37 Mo. 141; *Fugate v. Pierce*, 49 Mo. 441. The settlements alleged in the answer are not judgments. A trustee's accounts and settlements, if fraudulent or erroneous, are always subject to review in a court of equity. *Clarke v. Devaraux*, 1 S. C. 172; *Jones v. Dougherty*, 10 Ga. 273; *Shibla v. Ely*, 6 N. J. Eq. 181; 22 Tex. 691. (3) The trustee charged in his account, with the circuit court, against the estate, the sum of $1,500 for legal services alleged to have been performed by the law firm of which the respondent himself was and is a member. This charge is illegal and improper, the trustee having charged in addition his commissions growing out of the same matter. " This rule is so strict that it has been held that if the trustee has a partner and employs such partner, no charge can be made by the firm." *Gamble v. Gibson*, 59 Mo. 585. *Vide*

also, *Collins v. Carey*, 2 Beav. 128; *Cristophers v. White*, 10 Beav. 523; *Lincoln v. Winson*, 9 Hare 158; *Manson v. Bailie,* Scotch Ap. Reps. House of Lords, 1 Paterson, 562. The evidence as to the written contract whereby defendant was to be allowed attorney's fees, etc., alleged to have been mislaid was improperly admitted. *Johnson v. Matthews*, 5 Kas. 118. Parol proof of the contents of a paper should not be admitted, although its loss is accounted for, unless its execution is proved. *Embry v. Millar*, 1 A. K. Marsh. (Ky.) 300; *Kimball v. Moore*, 4 Me. 368.

*Cline, Jamison & Day* for respondent.

(1) The appellants claim, as heirs or distributees of Elizabeth C. Peake and L. Hardage Lane; the only way they can acquire title to personal property is through the administrator or executor; hence, plaintiffs cannot recover. *Hastings v. Myers*, 21 Mo. 519; *Hanenkamp v. Borgmier,* 32 Mo. 569; *Beattie v. Abercrombie*, 18 Alabama 9; *Becker v. Buckingham*, 18 Conn. 120. (2) There was no evidence showing or tending to show that defendant misapplied, or converted to his own use any money belonging to the estate of Hardage Lane, or was guilty of negligence, or of mismanagement or breach of trust, or that Gantt & Soulard or Cook acted willfully, negligently or unlawfully in allowing taxes to become delinquent, as stated in the amended petition. A trustee is liable only for want of due care and skill. *Merritt v. Merritt*, 62 Mo. 150. (3) The judgment in favor of Gantt & Soulard was a final one in their favor. (4) When respondent learned that the taxes for 1860 had not been paid by Cook, the latter and his surety were both insolvent. (5) The charge of $1,500 for legal services was legal, and as such was approved by the circuit court in respondent's settlement.

HENRY, J.—In its opinion delivered in this cause, the court of appeals correctly states the case as follows: "Hard-

age Lane died in 1849, leaving a will whereby he devised. all his estate, real and personal, to Henry G. Soulard and Thomas T. Gantt in trust for the benefit of his two children,. under certain limitations and restrictions. In 1860, Soulard and Gantt surrendered their trust and William M. Cook. was appointed their successor. In 1863, Cook was removed from the trusteeship and the defendant appointed in his. stead. This suit is founded upon charges that the trustees, Soulard and Gantt, had willfully and unlawfully allowed certain delinquent tax bills to accrue and accumulate upon lands belonging to the trust estate, and that Cook had been guilty of like mismanagement so that losses accrued to the estate amounting to $3,783.88 together with other sums in interest, costs and expenses, all of which could have been recovered by the defendant against his predecessors and. their sureties, but that defendant never demanded, sued for, or recovered the same as he ought to have done, so that by reason of his willful neglect in that regard he had been. guilty of a breach of his said trust and became liable to plaintiffs as surviving beneficiaries to pay said losses. It is. also charged that in his annual settlement for the year 1871 defendant charged and was allowed $1,500 for attorneys' fees paid in and about certain litigation in which the estate was interested for services rendered by the partnership firm whereof defendant was a member in addition to commissions charged and received by him on account of the matter involved in the same proceedings. The petition prays; that defendant be compelled to account for and pay over to the use of plaintiffs the said several sums of money, that. his settlement heretofore made be set aside, that his accounts be referred to a master for examination and report, and that defendant be removed from the trust."

In addition to that statement it may be added that defendant, in his answer, alleged that at the October term, 1857, of the St. Louis land court, Gantt and Soulard instituted a suit against L. Hardage Lane and Elizabeth C. Peake. and her husband Samuel H. Peake, for the purpose of being:

discharged from said trust and that said defendants appeared and filed their answer in said cause which was tried in said court on the 25th of June, 1858, and a decree rendered requiring said trustees to file in said court a full, true and perfect account of their trusteeship with vouchers thereof and on the 19th day of January, 1860, there was a change of venue in said cause to the St. Louis circuit court and on the 30th of April 1860, the trustees filed in said court a full, true and perfect account of their trusteeship with vouchers and the court found that there was then due to said trustees $2,-019.40 and rendered a decree that said account stand firm and effectual for ever between said parties, that said trustees recover of said defendants said sum of $2,019.40, and that Gantt and Soulard be discharged and released as trustees and Cook appointed in their stead.   The answer further alleged that said Hardage Lane and Elizabeth Peake and her husband instituted a suit in the St. Louis circuit court against William Cook in September, 1862, to have him removed as trustee and that pending said suit, it was agreed between this defendant and the plaintiffs in said suit, in writing, that if this defendant would serve as trustee he should be allowed six per cent commission on all sums of money which should pass through his hands, clear and free of all expenses such as commissions for collecting rents, selling real estate and attorneys' fees.   That under that agreement the circuit court appointed this defendant trustee.   That said written agreement has been lost or misplaced and cannot be found, that the services for which said attorneys' fee was charged were rendered in a suit to recover a tract of land belonging to said estate and that after a long and persistent litigation defendant recovered said land and realized from it for the estate $14,254.70.

It was agreed that the statements in defendant's answer were true, except the allegation of the contract for fees and the execution of said paper alleged to be lost.   On a hearing of the cause there was a finding for defendant and plaintiffs' bill was dismissed.   On appeal to the court

of appeals this judgment was affirmed, and appellants have appealed to this court. The plaintiffs are the heirs at law of L. Hardage Lane and his sister Elizabeth Peake who were the sole heirs of Hardage Lane. L. Hardage Lane died leaving no issue and the plaintiffs are the children of his sister, Mrs. Peake, who departed this life before the institution of this suit.

So far as the alleged misconduct of Gantt and Soulard is concerned the judgment of the St. Louis land court in the suit of Gantt and Soulard against L. Hardage Lane and Mrs. Peake and her husband precludes any inquiry into that matter. That court had jurisdiction of the parties and of the subject matter of the litigation. All the parties interested were before the court and a settlement was required by the trustees in that proceeding and it was made and passed upon by the court, and yet after the lapse of twenty years these plaintiffs seek to go behind that judgment to investigate alleged misconduct of these trustees resulting in a loss to the estate. The matter was *res adjudicata*. If any misconduct on the part of Gantt and Soulard had occurred that was the time and the occasion to investigate it. Their liabilities to the estate on account of their trusteeship was the very subject under investigation. This defendant could not have gone behind that judgment to charge Gantt and Soulard for moneys lost to the estate by their negligence which occurred, if at all, before that judgment was rendered.

With regard to the alleged misconduct of Cook it is sufficient to say that the evidence proved that when defendant learned that the taxes on the land for the year 1860 had not been paid by Cook, Cook and his security Henry Von Phul were both insolvent and a suit against them would have been unavailing.

The only remaining question which we deem it necessary to notice relates to the charges of $1,500 as attorneys' fees. It was alleged in the answer that it was agreed by L. Hardage Lane and his sister and her husband with this de-

fendant that if he would accept the trust in addition to his commission he should have extra pay for any services as attorney. Defendant testifies positively to the execution and substance of the agreement and the only witness on the other side was Samuel H. Peake, father of plaintiff, who testified that he had no recollection of signing such a paper. That he was out of the State at its date. In corroboration of defendant's testimony in October, 1871, he filed a settlement as trustee in the circuit court of St. Louis in the case of said L. H. Lane and Samuel H. and Elizabeth Peake against William Cook in which the said $1,500 attorneys' fees were credited and allowed by that court. We have not noticed other questions discussed by the court of appeals in its opinion and in briefs of counsel because we do not think it necessary to a decision of this cause.

The judgment is affirmed. All concur.